**RTC TRANSPORTATION, INC., Coastal Transport & Trading Co., Petitioners,**

v.

**The INTERSTATE COMMERCE COMMISSION and The United States of America, Respondents.**

No. 82–8083.

United States Court of Appeals, Eleventh Circuit.

June 27, 1983.

---

Alan E. Serby, Serby & Mitchell, Atlanta, Ga., for petitioners.

Evelyn G. Kitay, I.C.C., Robert B. Nicholson, Asst. Chief, Appellate Sec., Neil R. Ellis, Antitrust Div., Justice Dept., Washington, D.C., for respondents.

Anthony C. Vance, Washington, D.C., for intervenor, Thunderbird.

Before GODBOLD, Chief Judge, RONEY, Circuit Judge, and PITTMAN *, District Judge.

RONEY, Circuit Judge:

RTC Transportation, Inc. and Coastal Transport & Trading Company challenge the Interstate Commerce Commission's decision to grant Thunderbird Motor Freight Lines, Inc. nationwide authority to transport general commodities. Docket No. MC 125708 (Sub.–No. 216), *Thunderbird Motor Freight Lines, Inc., Extension-Nationwide General Commodities* (January 28, 1982).

*Honorable Virgil Pittman, U.S. District Judge for the Southern District of Alabama, sitting by

In an application filed September 18, 1981, Thunderbird Freight Lines, Inc. sought authority from the Interstate Commerce Commission to operate as a common carrier transporting general commodities (except Classes A and B explosives) between points in the United States. The application was supported by a statement of Thunderbird's Traffic Manager, and by statements of 31 supporting shippers. Public notice of the application appeared in the Federal Register, and RTC and Coastal (jointly) and 11 other carriers filed protests.

On October 13, 1981, Thunderbird filed a letter with the ICC stating that it did not request authority to transport household or bulk goods. Then on October 23, 1981, Thunderbird stipulated with RTC and Coastal that it would restrict its application against the transportation of commodities requiring mechanical refrigeration in transit. Thunderbird filed a letter and the following stipulations with the Interstate Commerce Commission:

1. Thunderbird does not operate suitable equipment for the transportation of commodities requiring mechanical refrigeration in transit.

2. Thunderbird does not propose to purchase or otherwise acquire suitable equipment for the transportation of commodities requiring mechanical refrigeration in transit.

3. Thunderbird does not desire to obtain authority in this proceeding for the transportation of commodities requiring mechanical refrigeration in transit, and Thunderbird will present and has presented no public support in this proceeding for the transportation of such commodities.

4. If Thunderbird is granted authority in this proceeding to transport commodities requiring mechanical refrigeration in transit, Thunderbird has no intention of providing such transportation to the public.

designation.

RTC and Coastal thereupon agreed to withdraw their opposition to Thunderbird's application.

██ On November 18, 1981, a Review Board of the ICC granted Thunderbird authority to transport general commodities between points in the United States, except Alaska and Hawaii, the only exceptions being Class A and B explosives, household goods and commodities in bulk. "General commodities" authority clearly includes authority to transport refrigerated products. *See Tiger Express, Inc.—Purchase (Portion) —Gene Adams Refrigerated Trucking Service, Inc.,* 93 M.C.C. 432, 436 (1963). The Board's decision specifically noted that Thunderbird did not desire to have household goods and bulk commodities authority but did not mention the restrictive amendment and stipulations regarding commodities requiring refrigeration in transit.

RTC and Coastal appealed the Board's decision, emphasizing Thunderbird's stipulation. On January 28, 1982, Division 2 of the ICC, acting as an Appellate Division, affirmed the Review Board's decision. It denied the restriction as to refrigerated goods, stating that such restrictions were no longer acceptable. RTC and Coastal appeal that final order of the Interstate Commerce Commission to this Court pursuant to 28 U.S.C.A. § 2342(5).

This Court must set aside the Commission's decision if it is arbitrary, capricious, or unsupported by substantial evidence. 5 U.S.C.A. § 706(2)(A), (E). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. National Labor Relations Board,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938). The agency must articulate a "rational connection between the facts found and the choice made." *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.,* 419 U.S. 281, 285, 95 S.Ct. 438, 441, 42 L.Ed.2d 447 (1974).

The Commission's grant of operating authority to Thunderbird is governed by the Motor Carrier Act of 1980, Pub.L. No. 96–296, 94 Stat. 793 (1980) (amending the Interstate Commerce Act, 49 U.S.C.A. § 10101 *et seq.*). Under the 1980 Act an applicant must show that it is "fit, willing, and able" to provide the proposed transportation, and that "the service proposed will serve a useful public purpose, responsive to a public demand or need." 49 U.S.C.A. § 10922(b)(1).

██ The difficulty with this case is that the applicant has specifically stated that it does not meet these requirements. With clear evidence that Thunderbird was unwilling to transport commodities requiring in transit refrigeration, and no contrary evidence of its fitness or willingness to provide such service, the Commission's grant of unrestricted authority to Thunderbird is unsupported by substantial evidence. By recognizing one restriction but not the other, the Commission was arbitrary.

We do not intimate that a showing of fitness to transport a broad category of commodities must include evidence as to every commodity within the category. This Court has held to the contrary in *RTC Transportation, Inc. v. ICC,* 708 F.2d 620, 623 (11th Cir.1983). If no stipulation as to refrigerated products had been entered in this case, the record might support a grant of general commodities authority even though no specific evidence concerning fitness to transport refrigerated goods was presented. We do not suggest that a carrier must have on hand all the equipment needed for the authority it seeks when it files an application. *See Steere Tank Lines, Inc. v. ICC,* 675 F.2d 103, 104 n. 2 (5th Cir.1982) ("It may be enough that the applicant is willing and has the financial resources to obtain the equipment since it would not be prudent business practice for a carrier to open new terminals and buy additional equipment before it knows whether the authority it seeks will be granted."). We simply hold that there was no evidence on this record that Thunderbird was "fit, willing, and able" to transport commodities requiring refrigeration.

██ In addition to a showing of fitness, 49 U.S.C.A. § 10922(b) requires a grant of

authority to be based on "evidence presented by persons supporting the issuance of the certificate that the service proposed will serve a useful public purpose, responsive to a public demand or need." Thunderbird stipulated that it would provide no public support for authorization to transport commodities requiring mechanical refrigeration in transit. The evidence in the record is void of any shipper support evidencing a need for transportation of refrigerated commodities. The Commission failed to articulate any basis for its finding that such a need existed. There was not substantial evidence from which the Commission could conclude that a grant of general commodities authority to Thunderbird would "serve a useful public purpose, responsive to a public demand or need."

██ The Commission argues that it is not required to adopt restrictive certificates whenever a party has attempted to eliminate opposition by narrowing the scope of its application. The Commission could have rejected the application for restricted authority. But in this case the Review Board initially granted Thunderbird's authority with no mention of the proposed restriction. The Appellate Division considered the restriction, but denied it, stating that "the requested restriction against the transportation of commodities requiring refrigeration in transit is of a type that is no longer accepted." It apparently denied the stipulation solely because of a policy against restrictions. There is no explanation of why it rejected this stipulation but acknowledged the one concerning household goods and bulk goods. This Court disapproved the Commission's blanket policy of requiring applicants to use standard commodity descriptions and disallowing restrictions in *American Trucking Associations, Inc. v. I.C.C.,* 659 F.2d 452, 472 (5th Cir. 1981). In any event, having permitted Thunderbird to file a letter restriction which eliminated the opposition, it could not ignore that procedure without letting all parties know at an earlier stage.

The Interstate Commerce Commission is ordered to vacate the existing certificate.

Any further proceedings in connection with Thunderbird's application can be conducted in light of this opinion.

REVERSED AND REMANDED.